

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 29, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. S-48

Re: Application of occupation tax
levied by virtue of Section 7
of Article 7047, V.C.S., upon
livestock clearing houses and
those persons utilizing the
clearing house services.

Your opinion request of May 13, 1953, sets out the following facts and questions from which we quote:

"There are certain firms located in the Livestock Exchange Building that operate what is known as a livestock clearing house. The clearing house does office and bookkeeping work for a number of small commission firms. Also a number of livestock dealers operate out of the clearing house.

"I have requested one of these clearing house firms to outline for me the nature and function of a livestock clearing house. The explanation is as follows:

'In line with your suggestion, we will undertake to explain the nature and function of a livestock clearing house, several of which operate on the Ft. Worth Livestock market, and generally on the same basis.

'The office is maintained by the clearing house and handles the office work including bookkeeping, financing and all other office detail for the firms who clear through them and for this service we collect a percentage of their gross commission that they receive for selling and buying livestock for their customers. We charge the firms who clear through us on the basis of 22.2% of the first $1,250.00 commission and 11.1% all over that amount, based on monthly business. The firm's net profit or loss is not considered. Our charge being based on gross commission received.

'As explained to you, for the past several years we paid the Occupation tax as a clearing house for the firms who cleared through us, and no tax was demanded of them as they were considered to be a subsidiary of the clearing house.

'. . .'

"I will appreciate your opinion on the following questions:

"1. Does the clearing house owe the State occupation tax levied by Article 7047, Subdivision 7?

"2. Are the persons or firms that clear through the clearing house subject to the State occupation tax levied by Article 7047, Subdivision 7 as amended?"

Section 7 of Article 7047, V.C.S., as amended by Section 2 of Chapter 372, Acts of the 48th Legislature, 1943, reads:

"7. Brokers and Factors. From every person, acting for himself or on behalf of another, engaged in the business or occupation of a Broker or Factor whether he is principally engaged in such business or not, there shall be collected Ten Dollars ($10) per year. A 'broker' or 'factor,' for the purpose of this subsection, is every person who, for another and for a fee, commission or other valuable consideration, rents, buys, sells, or transfers, for actual spot or future delivery, or negotiates purchases or sales or transfers of stocks, bonds, bills of exchange, negotiable paper, promissory notes, bank notes, exchange, bullion, coin, money, real estate, lumber, coal, cotton, grain, horses, cattle, hogs, sheep, produce and merchandise of any kind; whether or not he receives and delivers possession thereof; provided that this subsection shall not apply to a salesman who is employed on a salary or commission basis by not more than one retailer, wholesaler, jobber, or manufacturer, nor shall this subsection apply to or be construed to include persons selling property only as receivers, trustees in bankruptcy, executors, administrators, or persons selling under the order of any Court, or any person who is included within the definition of any other occupation and is paying or subject to the payment of a tax under any

other subsection of this Act; however, this exemption shall not apply to any individual engaged in more than one occupation as defined by the other subsection of this Act."

Webster's New International Dictionary (2nd Ed.), defines the word broker as meaning: "(3) One who for a commission or fee brings parties together and assists in negotiating contracts between them. . . ."

A clearing house that limits its transactions to bookkeeping, financing and office details is not within the purview of Section 7 of Article 7047, V.C.S. The statute clearly and unambiguously levies the tax, in this instance, only upon those persons who receive compensation for buying, selling or transferring, or, negotiating the purchase, sale or transfer of livestock for other persons. The fact that the clearing house does not treat the buyer or seller as its customer and does not have its commission contingent upon the expenses incurred negotiating the sales or purchases of livestock is an indicant that the clearing house is not a broker or a factor.

Those persons or firms who buy, sell or transfer livestock, acting in behalf of their customers, must pay the tax levied by the above quoted statute whether or not their office affairs are handled through a clearing house utilized by similar brokers or factors.

## SUMMARY

The clearing houses engaged exclusively in office details are not taxable under Section 7 of Article 7047, V.C.S. Those persons or firms utilizing the clearing houses to take care of office details and who negotiate the purchase or sale of livestock for compensation for their customers are subject to the tax levied by the above stated statute.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General

By William H. Guild
William W. Guild
Assistant